ALW:MAA
F.#2005R02078

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KEITH M. GELLER,

                Defendant.

- - - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ JAN 31 2006 ★

BROOKLYN OFFICE

I N F O R M A T I O N

Cr. No. 05-0900 (ILG)
(T. 18, U.S.C., §§ 371
and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

The Defendant

    1.  In or about and between February 2002 and January 2004, the defendant KEITH M. GELLER was employed by A.B. Watley, Inc. ("A.B. Watley"), a broker-dealer of securities registered with the U.S. Securities and Exchange Commission ("SEC") and National Association of Securities Dealers ("NASD"). A.B. Watley maintained its principal office at 40 Wall Street, New York, New York. A.B. Watley also maintained several branch offices, including offices in Forest Hills, New York, and Melville, New York. GELLER worked at A.B. Watley as a "day trader." Day trading is a stock trading strategy whereby stock traders, through a high volume of trading activity, attempt to profit from

slight changes in the prices of securities by buying and selling securities within a very short period of time. Typically, day traders both buy and sell a given security within a single trading day.

The Subject Securities and Subject Firms

2. In or about and between February 2002 and January 2004, the defendant KEITH M. GELLER, together with others, obtained material, non-public information concerning large customer orders to purchase and sell numerous different securities (the "Subject Securities"), which were about to be executed by several brokerage firms (the "Subject Firms"). The Subject Securities were publicly traded on the New York Stock Exchange and NASDAQ national market system.

The Front-Running Scheme

3. In or about and between February 2002 and January 2004, both dates being approximate and inclusive, the defendant KEITH M. GELLER, together with others, devised, implemented, oversaw and participated in a fraudulent "front-running" scheme. As part of this scheme, GELLER: (a) obtained material, non-public information from employees of the Subject Firms concerning large orders to purchase and sell the Subject Securities, which had been placed by the Subject Firms' institutional customers; and (b) subsequently executed trades and caused others to execute trades in the Subject Securities, prior to when the larger

institutional orders were executed, in anticipation of the movement in price that the larger trades were likely to cause.

4. The employees of the Subject Firms provided the material, non-public customer order information to the defendant KEITH M. GELLER in violation of fiduciary and other duties of trust and confidence that were owed by the employees to the Subject Firms and their clients. In return, GELLER and others paid secret bribes, in the form of cash and other things of value, to the employees of the Subject Firms.

The "Squawk Boxes"

5. As part of this scheme, the employees of the Subject Firms provided the defendant KEITH M. GELLER with the material, non-public customer order information by permitting GELLER to listen secretly to information that was disseminated to certain brokers within the Subject Firms through internal speaker systems known as "Squawk Boxes." The information that was broadcast through the Squawk Boxes included material, non-public information concerning large orders to purchase and sell the Subject Securities that had been placed with the Subject Firms by institutional clients.

6. The defendant KEITH M. GELLER used the material, non-public customer order information that was disseminated through the Squawk Boxes by purchasing and selling and causing others to purchase and sell the Subject Securities prior to when

4

the Subject Firms actually executed the customer orders and the prices of the Subject Securities had increased or decreased as a result. GELLER engaged in this illicit trading activity, together with others, through proprietary accounts at A.B. Watley.

## CONSPIRACY TO COMMIT SECURITIES FRAUD

7. The allegations contained in paragraphs 1 through 6 are realleged and incorporated as though fully set forth in this paragraph.

8. In or about and between February 2002 and January 2004, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEITH M. GELLER, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, directly and indirectly, in violation of Rule 10b-5 of the Rules and Regulations of the SEC (Title 17, Code of Federal Regulations, Section 240.10b-5), and, directly and indirectly, to (1) employ devices, schemes and artifices to defraud; (2) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engage in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the investing public, in connection with purchases and sales of

5

securities, and by use of means and instrumentalities of interstate commerce and the mails, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

9. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant KEITH M. GELLER committed and caused to be committed, among others, the following:

### OVERT ACTS

a. On or about December 4, 2002, an unindicted co-conspirator placed a telephone call from New York, New York, to Garden City, New York.

b. On or about June 2, 2003, an unindicted co-conspirator placed a telephone call from New York, New York, to Garden City, New York.

c. In or about November 2003, the defendant KEITH M. GELLER paid $1,000 in cash to a broker (the "Broker") employed by one of the Subject Firms ("Subject Firm #1") in exchange for access to Subject Firm #1's Squawk Box.

6

        d.   In or about January 2004, the defendant KEITH M. GELLER paid $2,000 in cash to the Broker in exchange for access to Subject Firm #1's Squawk Box.

        (Title 18, United States Code, Sections 371 and 3551 et seq.)

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: [signature]
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#2005R02078

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

## KEITH M. GELLER,

Defendant

# I N F O R M A T I O N

(T. 18, U.S.C., §§ 371 and 3551 et seq.)

*A true bill.*

_____
*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 19* _____

_____
*Clerk*

*Bail, $* _____

*AUSA MICHAEL A. ASARO, (718) 254-7498*